CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:18-mj-03581-EGT</u> All Defendants
### *Internal Use Only*

Case title: USA v. Sayoc

Date Filed: 10/29/2018
Date Terminated: 11/02/2018

Assigned to: Magistrate Judge Edwin
G. Torres

**Defendant (1)**

**Cesar Altieri Sayoc**
17781−104
*ENGLISH 1962*
*TERMINATED: 11/02/2018*

represented by **James Scott Benjamin**
Benjamin, Aaronson, Edinger & Patanzo, PA
1700 East Las Olas Blvd.
Suite 202
Fort Lauderdale, FL 33301
954−779−1700
Fax: 779−1771
Email: sexlaw@bellsouth.net
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| COMPLAINT/SOUTHERN DISTRICT OF NEW YORK/INTERSTATE TRANSPORTATION OF AN EXPLOSIVE | |

1

**Plaintiff**

**USA**                                   represented by   **Noticing AUSA CR TP/SR**
                                          Email: Usafls.transferprob@usdoj.gov
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*
                                          *Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/29/2018 | 1 | 4 | Magistrate Removal of Complaint from the Southern District of New York; Case number in the other District 18MAG 9159, as to Cesar Altieri Sayoc (1). (cg1) (Entered: 10/29/2018) |
| 10/29/2018 | 2 | 15 | NOTICE OF ATTORNEY APPEARANCE: James Scott Benjamin appearing for Cesar Altieri Sayoc . Attorney James Scott Benjamin added to party Cesar Altieri Sayoc(pty:dft). (Benjamin, James) (Entered: 10/29/2018) |
| 10/29/2018 | 3 | 17 | Minute Order for proceedings held before Magistrate Judge Edwin G. Torres: Initial Appearance as to Cesar Altieri Sayoc held on 10/29/2018. Date of Arrest or Surrender: 10/26/2018. Detention Hearing set for 11/2/2018 10:00 AM in Miami Division before WPB Duty Magistrate. Status Conference set for 11/2/2018 10:00 AM in Miami Division before MIA Duty Magistrate. (Digital 14−05−49) Signed by Magistrate Judge Edwin G. Torres on 10/29/2018. (ch1) (Entered: 10/30/2018) |
| 10/29/2018 | | 18 | Set/Reset Hearings as to Cesar Altieri Sayoc: Detention Hearing set for 11/2/2018 10:00 AM in Miami Division before MIA Duty Magistrate. Correction to DE 3 to reflect the Miami Duty Magistrate. (ch1) (Entered: 10/30/2018) |
| 10/31/2018 | 4 | | TRANSCRIPT of initial appearance as to Cesar Altieri Sayoc held on 10−29−2018 before Magistrate Judge Edwin G. Torres, 1−6 pages, Court Reporter: Dawn Savino (Whitmarsh), 305−523−5598 / Dawn_Savino@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/21/2018. Redacted Transcript Deadline set for 12/3/2018. Release of Transcript Restriction set for 1/29/2019. (dwh) (Entered: 10/31/2018) |
| 10/31/2018 | 5 | 19 | NOTICE *of Filing* by USA as to Cesar Altieri Sayoc (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Gilbert, Karen) (Entered: 10/31/2018) |
| 11/02/2018 | 6 | 48 | Minute Entry for proceedings held before Magistrate Judge Edwin G. Torres: Status Conference re: Pretrial Detention as to Cesar Altieri Sayoc held on 11/2/2018. (Digital 10−05−41) (ch1) (Entered: 11/02/2018) |
| 11/02/2018 | 7 | 49 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Cesar Altieri Sayoc (ch1) (Entered: 11/02/2018) |
| 11/02/2018 | | 50 | Terminate Deadlines and Hearings as to Cesar Altieri Sayoc (ch1) (Entered: 11/02/2018) |
| 11/02/2018 | 8 | 51 | COMMITMENT TO ANOTHER DISTRICT as to Cesar Altieri Sayoc. Defendant committed to the Southern District of New York. Closing Case for |

| | | | Defendant. Signed by Magistrate Judge Edwin G. Torres on 11/2/2018. *See attached document for full details.* (cg1) (Entered: 11/02/2018) |



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 30, 2018

Via Email
The Honorable Edwin G. Torres
United States Magistrate Judge
Southern District of Florida
Miami, Florida 33132
Email: torres@flsd.uscourts.gov

> **Re:**   *United States v. Cesar Altieri Sayoc,*
> **18 Mag. 3581 (S.D. Fla.), 18 Mag. 9159 (S.D.N.Y.)**

Dear Judge Torres:

The Government respectfully submits this letter in advance of the proceeding scheduled for November 2, 2018 at 10:00 a.m. The defendant conducted a domestic terrorist attack targeting at least 15 victims with improvised explosive devices ("IEDs") that he sent to locations throughout the country in padded mailing envelopes. One of the IEDs was intercepted in the mail yesterday, days after the defendant's arrest and around the same time as his first court appearance before Your Honor. While analysis of the IEDs by the Federal Bureau of Investigation ("FBI") remains ongoing, it is clear that many of the devices contained energetic material with explosive qualities, and several of the devices also contained shards of glass that could only have been intended to maximize harm to the defendant's victims.

The defendant is currently charged with five serious crimes in the Complaint that is attached as Exhibit A, and he faces a maximum sentence of 48 years' imprisonment. The FBI has already recovered electronic devices from the defendant that contain documents with the victim addresses to which the defendant mailed the IEDs as well as Internet searches related to his targets. Metadata from the electronic devices indicates that the defendant started planning the attack as early as July 2018. DNA and other forensic evidence from the IEDs further establishes the defendant's identity as the perpetrator. And as law enforcement continues to investigate, the defendant is likely to face additional charges and increased penalties. Under these circumstances, the defendant should be detained pending trial, and there can be no serious question as to his identity under Federal Rule of Criminal Procedure 5(c)(3)(D)(ii). Accordingly, the Government respectfully requests that following Friday's proceeding, the Court transfer the defendant to the Southern District of New York to face the consequences of his actions.

Honorable Edwin G. Torres                                                    Page 2
October 30, 2018

## I.   The Defendant Should Be Detained Pending Trial

There are no conditions that could adequately protect the public from the defendant and assure his appearance in Manhattan for trial. Accordingly, the Bail Reform Act requires the defendant's detention due to both his dangerousness to the community and risk of flight.

### A.   Applicable Law

"The Bail Reform Act provides that a court 'shall order the pretrial release of the person' unless it determines 'that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *United States v. Clum*, 492 F. App'x 81, 84 (11th Cir. 2012) (quoting 18 U.S.C. § 3142(b)). The Government meets its burden on dangerousness by proffering clear and convincing evidence. *See* 18 U.S.C. § 3142(f). Flight risk may be established by a preponderance of the evidence. *See Clum*, 492 F. App'x at 85. "Either ground may support an order of detention." *Id.*

> In determining whether the defendant poses a flight risk, a court must consider several factors, including (1) the "nature and circumstances" of the charged offense, (2) the weight of the evidence against the defendant, and (3) the defendant's history and characteristics, including his character, his family and community ties, his past conduct, his criminal history, and his "record concerning appearance at court proceedings."

*Id.* (quoting 18 U.S.C. § 3142(g)).

### B.   Discussion

Substantially all considerations relevant to bail support the imposition of an order of detention on the bases of the defendant's dangerousness and flight risk.

#### 1.   Nature and Circumstances of the Offenses

The defendant mailed at least 15 IEDs to intended victims that included current and former politicians and private citizens.[1] The Complaint describes 13 of those devices. On the day the

---

[1] To date, law enforcement personnel have intercepted packages addressed to George Soros, former Secretary of State Hillary Clinton, former CIA Director John Brennan, former President Barack Obama, Representative Maxine Walters (separate packages mailed to Washington, D.C. and Los Angeles, California), former Attorney General Eric Holder, former Vice President Joseph Biden (separate packages to two addresses in Delaware), Robert De Niro, Senator Cory Booker, former Director of National Intelligence James Clapper, Senator Kamala Harris, Thomas Steyer, and CNN in Atlanta. The last two mailings were intercepted after the filing of the Complaint charging the defendant.

Honorable Edwin G. Torres                                                    Page 3
October 30, 2018

FBI arrested the defendant, law enforcement intercepted a 14th IED that the defendant had mailed
to Thomas Steyer in San Francisco, California. Just yesterday, on the same day as the defendant's
initial appearance before Your Honor, law enforcement intercepted another of the defendant's
IED-laden packages before it reached its intended target at CNN in Atlanta, Georgia.

The FBI's analysis of the defendant's IEDs is ongoing, but it is clear that they were
dangerous. The IEDs that have been analyzed thus far contained energetic material with explosive
qualities. (*See* Compl. ¶ 8(b) & n.1).[2] The defendant also placed shards of glass in several of the
IEDs for the apparent purpose of maximizing harm to his intended victims through the detonation
of the devices that he had mailed.

As a result of this brazen course of conduct, the defendant is currently charged with five
crimes. Count One charges the defendant with interstate transportation of an explosive, in
violation of 18 U.S.C. § 844(d), which carries a maximum term of imprisonment of 10 years.
Count Two charges the defendant with illegally mailing explosives, in violation of 18 U.S.C.
§ 1716(j)(2), which carries a maximum term of imprisonment of 20 years. Count Three charges
the defendant with conveying threats against an immediate family member of a former President,
in violation of 18 U.S.C. § 879(a), which carries a maximum term of imprisonment of five years.
Count Four charges the defendant with conveying threats in interstate commerce, in violation of
18 U.S.C. § 875(c), which carries a maximum term of imprisonment of five years. Count Five
charges the defendant with assaulting a former federal official, in violation of 18 U.S.C.
§ 111(a)(2), which carries a maximum term of imprisonment of eight years. The FBI's
investigation is ongoing, and the Government is in the process of evaluating additional evidence,
which may warrant further criminal charges. However, the seriousness of the existing charges, as
well as of the underlying conduct, strongly support the imposition of a detention order.

## 2. The Weight of the Evidence

The evidence of the defendant's terror campaign is still being collected but is already
overwhelming. Because of the powerful proof that the defendant perpetrated these acts, he poses
a substantial danger to the community. In light of the consequences at issue and the likelihood of
conviction, the defendant is also a substantial flight risk. Therefore, pretrial detention is
appropriate. Set forth below are examples of some of the evidence law enforcement has collected
since the investigation began last week.

The FBI arrested the defendant on October 26, 2018, in the vicinity of a white van that he
appears to have been living in at the time of his arrest (the "Sayoc Van"). The Sayoc Van bears
stickers that depict some of the defendant's intended victims labeled with red crosshairs, such as
former President Obama and former Secretary of State Hillary Clinton.

---

[2] Some of the devices are either in transit, or have only recently arrived, at the FBI's laboratory
in Quantico, Virginia.

Honorable Edwin G. Torres                                                    Page 4
October 30, 2018

The FBI also seized multiple electronic devices from the Sayoc Van, including a laptop
(the "Sayoc Laptop"), which were searched pursuant to warrants issued in the Southern District of
New York. The Sayoc Laptop contains lists of physical addresses that match the labels on the IED
packages that the defendant mailed, which are saved at a file path on the computer that includes a
variant of the defendant's first name: "Users/Ceasar/Documents." A document from that path,
titled "Debbie W.docx" and bearing a creation date of July 26, 2018, contains repeated copies of
the return address in "Sunrise, Florida" that the defendant used on the packages and the name
"Debbie W. Schultz." Similar documents bearing file titles that include the name "Debbie" and
creation dates of September 22, 2018, contain exact matches of the return address used by the
defendant, including (i) the misspelling of Schultz's name as "Debbie Wasserman Shultz," (ii) an
address in "Sunrise, Florids [sic]," and (iii) what appears to be the same typeface, font, and font
size. Other files on the Sayoc Laptop, which also have metadata reflecting creation dates of
September 22, 2018, contain text that served as the mailing labels for the addresses of the intended
victims to whom the defendant mailed IEDs before his arrest. Documents from the Sayoc Laptop
also reflect addresses for numerous additional targets.[3] Put simply, only the defendant's arrest and
incapacitation resulting from his detention were sufficient to stop his attack.

Forensic evidence from the Sayoc Laptop also indicates that the defendant used that
computer to conduct research on his targets. On or about September 18, 2018, the defendant
visited a website the address of which included the text "vice-president-joe-bidens-house-
former/view," and he also conducted the following Internet searches, among others, related to
some of his targets:

- "cnn building"
- "george soros and family"
- "hilary clinton and family"
- "james clapper wife and kids"
- "eric holder wife and kids"
- "john brennan wife and kids"

The defendant possessed a cellphone at the time of his arrest (the "Sayoc Phone"), which
the FBI is also searching. Thus far, the search has revealed that the defendant used the phone to
conduct the following Internet searches, among others, on the dates indicated:

- July 15, 2018: "hilary Clinton hime address"
- July 26, 2018: "address Debbie wauserman Shultz"
- September 19, 2018: "address kamila harrias"
- September 26, 2018: "address for barack Obama"

---

[3] The FBI is warning each individual who appears based on evidence collected during the
investigation to have been identified by the defendant as a potential target, and will continue to do
so if additional names are identified in other evidence.

Honorable Edwin G. Torres                                                            Page 5
October 30, 2018

- September 26, 2018: "michelle obama mailing address"
- September 26, 2018: "joseph biden jr"
- October 1, 2018: "address cory booker new jersey"
- October 20, 2018: "tom steyers mailing address"
- October 23, 2018: "address kamala harris"

The Sayoc Phone also contains photographs of some of the defendant's intended victims, including George Soros, and pictures that appear to have been downloaded from the Internet and purport to be the home of former President Obama, the home of former Vice President Biden, and a driver's license belonging to former First Lady Michelle Obama that includes another address.

The U.S. Postal Inspection Service ("USPIS") has thus far concluded that 14 of the defendant's IED mailings were routed through a postal facility that services the area where the defendant resided prior to his arrest,[4] and the forensic evidence connecting the defendant to these devices is mounting. To date, the FBI has identified possible DNA associations between a DNA sample collected from the defendant prior to his arrest and DNA found on components from 10 of the IEDs, and latent fingerprints on two of the mailing envelopes have been identified to the defendant.

Based on this and other evidence, the Government will establish that the defendant mailed IEDs to at least 15 intended victims with intent to harm them and those in their proximity. Thus, like the seriousness of the charges, the strength of the evidence supports the imposition of an order of detention as to the defendant.

### 3. The Defendant's Personal History and Characteristics

The defendant's personal history and characteristics also support an order of detention.

The defendant has limited ties to the Southern District of Florida. Although he has relatives in the Miami area, he informed law enforcement following his arrest that he was estranged from his mother and living out of the Sayoc Van. More importantly, the defendant appears to have no ties to the Southern District of New York, where he will be prosecuted. *See, e.g., United States v. Rivera*, 90 F. Supp. 2d 1338, 1343 (S.D. Fla. Mar. 10, 2010) ("The relevant community is, of course, the community in which the defendant faces prosecution. In the federal system, courts look to the ties of a defendant to the judicial district in which the criminal charges have been brought."). As a result of the defendant's living circumstances and lack of ties to the New York City area, he poses a significant risk of flight.

The defendant's criminal history underscores his dangerousness and flight risk. According to a criminal complaint, in August 2002 the defendant contacted an employee of Florida Power &

---

[4] USPIS's review is ongoing, and has only just begun with respect to the package that was intercepted yesterday.

Honorable Edwin G. Torres                                                              Page 6
October 30, 2018

Light ("FPL"), threatened to "blow up FPL" in a manner that "'would be worse than September 11th,'" and "threatened that something would happen" to the FPL employee if his utility services were terminated by FPL. (*See* Ex. B at 1). The defendant subsequently pleaded guilty to threatening to throw a destructive device in the second degree, in violation of Florida Statutes, Section 790.162. (*Id.* at 5). In December 2002, the defendant was sentenced to one year of probation. (*Id.* at 6). The defendant subsequently committed several crimes that are minor relative to the charges he now faces. He was repeatedly sentenced to terms of probation, and he appears to have violated the terms of his probation at least twice in 2015.

The defendant's previous felony conviction for a crime of violence serves as additional evidence of his dangerousness. Moreover, when viewed in aggregate, the defendant's criminal history evinces a lack of respect for court orders and suggests that he would not abide by conditions of pretrial release. Finally, previous lenient sentences were insufficient to deter the defendant, and he has never faced the type of sentencing consequences at issue in this case, which creates still greater incentives for him to flee.

                                   *        *        *

Therefore, for all of these reasons, the defendant poses a substantial danger to the community and a significant risk of flight. Accordingly, he should be detained pending trial.

## II.    The Defendant Is the Person Charged in the Complaint

In light of the evidence set forth above, there can be no serious question as to the defendant's identity. "The sole purpose" of an identity hearing "is to determine whether the person arrested is the person wanted in the other district." *United States v. Asencio*, No. 17 Mag. 6190, 2017 WL 4005636, at *2 (S.D.N.Y. Sept. 12, 2017) (quoting *United States v. Saldana-Beltran*, 37 F. Supp. 3d 1180, 1183-85 (S.D. Cal. 2014)). "It is not a merits hearing," and Government need only establish identity based on probable cause. *Id.* (citing *United States v. Antoine*, 796 F. Supp. 2d 417, 419-20 (E.D.N.Y. 2011), *United States v. Rodriguez-Torres*, No. 14 Mag. 1095, 2014 WL 2320081, at *2 (S.D.N.Y. May 30, 2014)).

Honorable Edwin G. Torres                                                    Page 7
October 30, 2018

      The Complaint charges "Cesar Altieri Sayoc" in five counts. The defendant in custody has acknowledged that his name is the one in the document. The FBI has preliminarily identified associations between forensic evidence on most of the IEDs described in the Complaint and DNA and fingerprint samples from the defendant. And electronic devices seized from the defendant further demonstrate that he is the one who carried out the attack. This evidence is sufficient to warrant transfer to the Southern District of New York under Rule 5(c)(3)(D)(ii).

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

        By:              /s/
                  Sam Adelsberg
                  Emil J. Bove III
                  Jane Kim
                  Jason A. Richman
                  Assistant United States Attorneys
                  (212) 637- 2444

Enclosures

Cc:    Defense Counsel
       (Via Email)

# EXHIBIT A

**ORIGINAL**

Approved:  _____
           EMIL J. BOVE III / JANE KIM
           JASON A. RICHMAN / SAMUEL ADELSBERG
           Assistant United States Attorneys

Before:    HONORABLE KATHARINE H. PARKER
           United States Magistrate Judge
           Southern District of New York

**18 MAG  9159**

- - - - - - - - - - - - - - - -  X
                                 :    **COMPLAINT**
UNITED STATES OF AMERICA
          - v. -                 :    Violations of 18 U.S.C.
                                      §§ 1716, 879, 844(d), (e),
CESAR ALTIERI SAYOC,             :    875,   111,   and   2

               Defendant.        :    COUNTY OF OFFENSE:
                                      NEW YORK
- - - - - - - - - - - - - - - -  X

SOUTHERN DISTRICT OF NEW YORK, ss.:

          DAVID BROWN, being duly sworn, deposes and says that he
is a Special Agent with the Federal Bureau of Investigation
("FBI"), and a member of the FBI's Joint Terrorism Task Force
("JTTF"), and charges as follows:

### COUNT ONE

### (Interstate Transportation of an Explosive)

          1.   In or about October 2018, in the Southern District
of New York and elsewhere, CESAR ALTIERI SAYOC, the defendant,
transported and received, and attempted to transport and receive,
in interstate and foreign commerce, an explosive with the knowledge
and intent that it would be used to kill, injure, and intimidate
individuals, and unlawfully to damage and destroy buildings,
vehicles, and other real and personal property, to wit, SAYOC
mailed approximately 13 packages containing improvised explosive
devices ("IEDs") to certain current and former U.S. Government
officials, politicians, and others, including mailings across
state lines.

          (Title 18, United States Code, Sections 844(d) and 2.)

29

## COUNT TWO

### (Illegal Mailing of Explosives)

2.   In or about October 2018, in the Southern District of New York and elsewhere, CESAR ALTIERI SAYOC, the defendant, knowingly deposited for mailing and delivery, and knowingly caused to be delivered by mail, according to the direction thereon, and at a place at which it was directed to be received by the person to whom it was addressed, a thing declared nonmailable as defined in Title 18, United States Code, Section 1716(a), to wit, the IEDs described in Count One, with intent to injure another and injure the mails and other property.

(Title 18, United States Code, Sections 1716(j)(2) and 2.)

### COUNT THREE

### (Threats Against Former Presidents and Certain Other Persons)

3.   In or about October 2018, in the Southern District of New York and elsewhere, CESAR ALTIERI SAYOC, the defendant, knowingly and willfully threatened to kill and inflict bodily harm upon a former President and a member of the immediate family of a former President, to wit, SAYOC mailed an IED to former First Lady Hillary Clinton, who resides with her husband, former President William Jefferson Clinton.

(Title 18, United States Code, Sections 879 and 2.)

### COUNT FOUR

### (Threatening Interstate Communications)

4.   In or about October 2018, in the Southern District of New York and elsewhere, CESAR ALTIERI SAYOC, the defendant, knowingly transmitted in interstate and foreign commerce a communication containing a threat to injure the person of another, to wit, SAYOC mailed the IEDs described in Count One, including multiple mailings with photographs of the target-recipient marked with a red "X."

(Title 18, United States Code, Sections 875(c) and 2.)

2

### COUNT FIVE

#### (Assaulting Federal Officers)

5.     In or about October 2018, in the Southern District of New York and elsewhere, CESAR ALTIERI SAYOC, the defendant, with the intent to commit another felony, to wit, the charges set out in Counts One through Four of this Complaint, forcibly assaulted and intimidated any person who formerly served as a person designated in Title 18, United States Code, Section 1114, to wit SAYOC mailed the IEDs described in Count One to two former Presidents, a former Vice President, former Members of the U.S. Congress, and former Executive Branch employees.

(Title 18, United States Code, Sections 111(a), 111(b), and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

6.     I am a Special Agent with the FBI and a member of the FBI's New York-based JTTF, and I have been personally involved in the investigation of this matter.  This affidavit is based in part upon my conversations with law enforcement agents and other people, and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

#### Overview

7.     During the course of October 2018, as further detailed below, CESAR ALTIERI SAYOC, the defendant, mailed approximately 13 IEDs through U.S. mail to certain current and former U.S. Government officials, politicians, and others, including mailings across state lines.

a.     The intended targets of the defendant's IEDs included former President Barack Obama; former Vice President Joseph Biden; former Secretary of State, former Senator, former First Lady, and 2016 Presidential Candidate Hillary Clinton; former Attorney General Eric Holder; Congressperson Maxine Waters; Senator Cory Booker; former Director of the Central Intelligence Agency John Brennan; former Director of National Intelligence James Clapper; philanthropist and billionaire George Soros; and actor and director Robert De Niro.

3

b.      Each of the 13 IEDs was largely similar in
design and construction; they each consisted of approximately six
inches of PVC pipe, a small clock, a battery, wiring, and energetic
material.[1]   Certain of the mailings included photographs of the
target-recipients marked with a red "X."

c.      Each of the 13 IEDs was packaged in a tan-
colored manila envelope lined with bubble wrap.  Each was stamped
with approximately six self-adhesive postage stamps each bearing
a picture of an American flag.   Each envelope listed a return
sender of "DEBBIE WASSERMAN SHULTZ" at a particular address in
Florida ("Schultz Office-1").   Each envelope misspelled "Florida"
in the Schultz Office-1 return address as "FLORIDS" rather than
"FLORIDA."   The return sender and the target-recipient listed on
each envelope was typed in black ink on white paper.

8.      As discussed below, based on initial analysis from
the FBI laboratory in Quantico, Virginia (the "FBI Lab"), a latent
fingerprint was detected on one of the envelopes containing an IED
that was sent to Congressperson Waters and this fingerprint was
identified to CESAR ALTIERI SAYOC, the defendant.   In addition,
there is a possible DNA association between a sample collected
from a piece of the IED inside two of the envelopes containing
IEDs and a sample previously collected from SAYOC.

## SAYOC's Targets

9.      Based  on  my  review  of  publicly  available
information, I have learned the following, among other things:

a.      Barack Obama served as President of the United
States from 2009 to 2017.  One of former President Obama's mailing
addresses is a Post Office Box located in Washington, D.C. ("Obama
Mailing Address-1").

b.      Hillary Clinton served as the First Lady of
the United States from 1993 to 2001, a United States Senator from
approximately 2001 to 2009, United States Secretary of State from
approximately 2009 to 2013, and as a nominee for President of the
United States in the 2016 Presidential Election.  Clinton resides

---

[1] Based on my conversations with other law enforcement officers
and my training and experience, I understand energetic material to
include explosives and material that gives off heat and energy
through a rapid exothermic reaction when initiated by heat, shock,
or friction.

4

at, among other locations, an address in Chappaqua, New York, with her husband, former President William Jefferson Clinton, who served as President of the United States from 1993 to 2001 ("Clinton Residence-1"). Certain staff members for the Clinton family operate out of a residence located in Chappaqua, New York ("Clinton Residence-2").

        c.    Joseph Biden served as Vice President of the United States from 2009 to 2017 under President Obama. From approximately 1973 to 2009, Vice President Biden was a member of the U.S. Senate. Former Vice President Biden resides at an address in Wilmington, Delaware ("Biden Residence-1").

        d.    Eric Holder served as the Attorney General of the United States from approximately 2009 to 2015 under President Obama. He is currently employed as a partner of a certain law firm, and is based out of the law firm's Washington, D.C. office ("Holder Office-1").

        e.    Maxine Waters serves as a member of the U.S. House of Representatives. She has served as a Congressperson since 1990. Congressperson Waters has two principal offices: one is located in Washington, D.C. ("Waters Office-1"), and one is located in Los Angeles, California ("Waters Office-2").

        f.    Cory Booker serves as a member of the U.S. Senate. He has served as a Senator since 2013. One of Senator Booker's offices is located in Camden, New Jersey ("Booker Office-1").

        g.    Kamala Harris serves as a member of the U.S. Senate. She has served as a Senator since 2017. One of Senator Harris's offices is located in Sacramento, California ("Harris Office-1").

        h.    John Brennan served as Director of the Central Intelligence Agency ("CIA") from approximately 2013 to 2017, under President Obama.

        i.    James Clapper served as Director of National Intelligence from approximately 2010 to 2017, under President Obama.

        j.    George Soros is a prominent U.S.-based philanthropist and billionaire. Soros resides at, among other locations, an address in Katonah, New York ("Soros Residence-1").

5

Soros's former spouse resides at a second address in Katonah, New York ("Soros Residence-2").

        k.    Robert De Niro is an American actor, producer, and director. De Niro is the co-founder of a film and television production company located at a particular address in New York, New York ("De Niro Address-1").

        l.    Debbie Wasserman Schultz serves as a member of the U.S. House of Representatives. She has served as a Congressperson since 2005. Congressperson Schultz has an office at a particular location in Florida ("Schultz Office-1").

### SAYOC Mails 13 IEDs

#### *The Soros Package*

        10.    Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned the following, among other things:

        a.    On or about October 22, 2018, a package containing an IED addressed to "GEORGE SOROS" was delivered via U.S. mail to Soros Residence-2 (the "Soros Package," and together with the other 12 packages described below, the "Packages").

        b.    The Soros Package consisted of a tan-colored manila envelope lined with bubble wrap. Approximately six self-adhesive postage stamps each bearing a picture of an American flag were stamped on the top right corner of the Soros Package. Each envelope listed a return sender of "DEBBIE WASSERMAN SHULTZ" at Schultz Office-1. Each envelope misspelled "Florida" in the Schultz Office-1 return address as "FLORIDS" rather than "FLORIDA." The return sender and the target-recipient listed on the Soros Package were typed in black ink on white paper. The return address for the Soros Package was Schultz Office-1.

        c.    The Soros Package was later received by personnel at Soros Residence-1. Personnel at Soros Residence-1 opened the package and, upon identifying what appeared to be an IED, called law enforcement authorities.

        d.    On or about October 22, 2018, the FBI identified what appeared to be an IED inside the Soros Package.

6

The FBI's Special Agent Bomb Technicians, along with the Westchester Hazardous Device Unit, rendered safe the contents of the Soros Package. An initial examination of the contents of the Soros Package revealed what appeared to be PVC pipe, a cap, clock, battery, wires, and energetic material. Included in the Soros Package was a photograph of George Soros marked with a red "X."

### The Clinton Package

11. Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned that on or about October 23, 2018, a package containing an IED was delivered to Clinton Residence-2 addressed to "HILARY [sic] CLINTON" (the "Clinton Package").

### The Obama Package

12. Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned that on or about October 23, 2018, a package containing an IED was delivered to Obama Mailing Address-1, and it was addressed to "BARRACK [sic] OBAMA" (the "Obama Package"). Included in the Obama Package was a photograph of President Obama marked with a red "X."

### The Brennan Package

13. Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned that on or about October 24, 2018, a package containing an IED was delivered to "TIME WARNER (CNN)" at a certain address in Manhattan, New York ("Manhattan Address-1"), and it was addressed to "JOHN BRENAN" [sic] (the "Brennan Package"). Included in the Brennan Package was a photograph of John Brennan marked with a red "X."

### The Holder Package

14. Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned that on or about October 24, 2018, a package containing an IED addressed to "ERIC HIMPTON HOLDER" at Holder Office-1 was returned to sender (the "Holder Package").

7

### *The Waters Packages*

15. Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned the following, among other things:

a.   On or about October 24, 2018, a package containing an IED was delivered to Waters Office-1, and it was addressed to "MAXIM [sic] WATERS" ("Waters Package-1").

b.   On or about October 24, 2018, a package containing an IED was delivered to Waters Office-2 ("Waters Package-2," and together with "Waters Package-1," the "Waters Packages"). Waters Package-2 was addressed to "MAXIM [sic] WATERS" at Waters Office-2. Included in Waters Package-2 was a photograph of Congressperson Waters marked with a red "X."

### *The Biden Packages*

16. Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned the following, among            other            things:

a.   On or about October 25, 2018, a package containing an IED addressed to "JOSEPH ROBINETTE BIDEN JR." at a certain assisted living facility was unsuccessfully delivered and recovered in Delaware ("Biden Package-1").

b.   On or about October 25, 2018, a package containing an IED was unsuccessfully delivered to Biden Residence-1 ("Biden Package-2," and together with "Biden Package-1," the "Biden Packages"). Biden Package-2 was addressed to "JOSEPH BIDEN" at Biden Residence-1.

### *The De Niro Package*

17. Based on my review of documents and records, my conversations with other law enforcement officers, and my involvement in this investigation, I have learned that on or about October 25, 2018, a package containing an IED addressed to "ROBERT DE NIRO" was delivered to De Niro Address-1 (the "De Niro Package").

8

### *The Booker Package*

18.    Based on my review of documents and records, my
conversations with other law enforcement officers, and my
involvement in this investigation, I have learned that on or about
October 26, 2018, a package containing an IED addressed to "CORY
BOOKER" was recovered in the U.S. Postal Service's Royal Palm Mail
Processing Center in Opa-Locka, Florida (the "Booker Package").

### *The Clapper Package*

19.    Based on my review of documents and records, my
conversations with other law enforcement officers, and my
involvement in this investigation, I have learned that on or about
October 26, 2018, a package addressed to "JAMES ROBERT CLAPPER" at
Manhattan Address-1 was recovered in Manhattan (the "Clapper
Package").

### *The Harris Package*

20.    Based on my review of documents and records, my
conversations with other law enforcement officers, and my
involvement in this investigation, I have learned that on or about
October 26, 2018, a package addressed to "KAMALIA HARRIS" was
recovered in Sacramento, California (the "Harris Package").

### *The 13 Packages Taken Together*

21.    The Packages--the Soros Package, the Clinton
Package, the Obama Package, the Brennan Package, the Holder
Package, Waters Package-1, Waters Package-2, Biden Package-1,
Biden Package-2, the De Niro Package, the Booker Package, the
Clapper Package, and the Harris Package--are largely identical
with respect to size and shape.   In addition, approximately six
self-adhesive American flag postage stamps are located on the top
right corner of each of the Packages, the return address for each
of the Packages is the same, and the sender and target-recipient
address labels on each of the Packages are substantially similar
in terms of color, size, and font.

### Latent Print and DNA Analysis

22.    Based on communications with personnel from the FBI
Lab, I know, among other things, that a latent fingerprint was
detected on Waters Package-1 and this fingerprint was identified
to CESAR ALTIERI SAYOC, the defendant.   According to the FBI Lab,

9

the identification has been through the appropriate quality
assurance measures.[2]

   23.   Based on communications with personnel from the FBI
Lab, I know, among other things, that (a) there is a possible DNA
association between a sample collected from a piece of the IED
inside Waters Package-1 and a sample previously collected from
CESAR ALTIERI SAYOC, the defendant, by the Florida Department of
Law Enforcement, (b) there is a possible DNA association between
a sample collected from a piece of the IED inside the Obama Package
and a sample collected from SAYOC by the Florida Department of Law
Enforcement, and (c) to this point, the FBI Lab has not identified
any other possible matches on the evidence from the Packages that
it has examined.

### The Routing of the Packages

   24.   Based on conversations with employees of the U.S.
Postal Service, I know, among other things, that:

   a.   Between on or about October 18, 2018 and on or
about October 20, 2018, the Obama Package, the Clinton Package,
the De Niro Package, Waters Package-1, and Biden Package-1 were
routed through the U.S. Postal Service's Royal Palm Mail Processing
Center in Opa-Locka, Florida (the "Opa-Locka Center").

   b.   The county in which CESAR ALTIERI SAYOC, the
defendant, resides is serviced by the Opa-Locka Center.

### SAYOC's Arrest

   25.   Based on my conversations with other law
enforcement officers, I know that CESAR ALTIERI SAYOC, the
defendant, was arrested on or about October 26, 2018, in Florida,
in the vicinity of his white van.  The windows of SAYOC's van were
covered with images including images critical of CNN.

---

[2] Consistent with FBI policy, all latent fingerprint results are
considered preliminary until an official FBI report is issued
following technical and administrative review.

10

### SAYOC's Social Media Posts

26. Based on my review of publicly available information on Twitter, I know that there is an account with username "Cesar Altieri"[3] that contains the following, among other things:

a. Various posts with misspellings consistent with the Packages, including "Hilary" rather than "Hillary," "Shultz" rather than "Schultz"; and

b. A post dated October 24, 2018--*i.e.*, after the recovery of the Soros Package--that is critical of, among others, President Barack Obama and George Soros.

WHEREFORE deponent prays that CESAR ALTIERI SAYOC, the defendant, be imprisoned, or bailed, as the case may be.

_____
Special Agent David Brown
Federal Bureau of Investigation
Joint Terrorism Task Force

Sworn to before me this
26th day of October 2018

_____
HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

*Sworn to before me by reliable electronic means (FaceTime).

---

[3] Based on my training and experience, as well as my review of law enforcement databases, I believe that SAYOC is the user of the "Cesar Altieri" Twitter account because (i) Altieri is SAYOC's middle name, and (ii) the location of SAYOC's last known residence in Aventura, Florida is proximate to the two locations listed in the account information for the "Cesar Altieri" Twitter account (Sunny Isle Beach and Hollywood, Florida).

11

Case 1:18-mj-09159-UA   Document 5   Filed 11/05/18   Page 40 of 51

# EXHIBIT B

COMPLAINT/ARREST AFFIDAVIT

OBTS Number

JOB No.

DEFENDANT'S NAME  Last  First  Middle
SAYOC, CESAR A.

LOCAL ADDRESS

PERMANENT ADDRESS  Street  City  State  Zip  Phone

Arrest Date (mm/dd/yy) 08/20/2002  Arrest Time 1830  ☐ A.M. ☒ P.M.  Arrest Location (indicate name of business) 400 NW 2 AVE  GHRD

CO-DEFENDANTS  N/A

SIGNAL:  ☐ 100  ☐ 150  ☐ 200  ☐ 250  ☐ 300  ☐ 400

| CHARGES | Activity | Type | Counts | STATUTE | | | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|---|
| THREAT TO PLACE DESTRUCTIVE DEVICE | N | N | 1 | 790.162 | | | 30-1 |
| | | | | | | | OF THE CODE OF MIAMI |

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant
On the 7TH day of AUGUST 2002 at 11:04 ☒ A.M. ☐ P.M. 4200 W. FLAGLER ST.

committed the following violation of law: Narrative: (Be specific) ON THE LISTED DATE AND TIME, THE DEF. CONTACTED A FLORIDA POWER & LIGHT CO. AT 4200 W. FLAGLER BY TELEPHONE AND THREATENED TO BLOW UP FPL AND A THAT "IT WOULD BE WORSE THAN SEPTEMBER 11TH". DEF. ALSO THREATENED THAT SOMETHING WOULD HAPPEN TO THE FPL REPRESENTATIVE IF THEY CUT HIS ELECTRICITY.

PAGE 1 OF 1

Sworn to and subscribed before me, the undersigned authority, this 20 day of AUGUST 2002

COURT COPY

41



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI- DADE COUNTY, FLORIDA   SPRING TERM, 2002

(5)

**THE STATE OF FLORIDA  v.**

CESAR A SAYOC

Defendant(s)

**INFORMATION  FOR**  F02- 24800

1. THREATENING TO THROW A DESTRUCTIVE DEVICE
790.162 Fel. 2D

FILED

SEP 1 9 2002

CLERK

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

**KATHERINE FERNANDEZ RUNDLE,** State Attorney of the Eleventh Judicial Circuit,
prosecuting for the State of Florida, in the County of Miami-Dade, by and through her undersigned
Assistant State Attorney, under oath, Information makes that:

BETTENDORF-PL,KRISTI-CM   :cj  09/05/2002

Circuit Court Direct File

█████████████████████████████████

F02024800

Dresnick (F005)

42

(CC#: F02024800)

## COUNT 1

CESAR A SAYOC , on or about August 07, 2002, in the County and State aforesaid,   did unlawfully and feloniously threaten to throw, project, place or discharge a destructive device, to wit: A BOMB, with intent to do bodily harm to a person or persons, to wit: LESLIE RODRIGUEZ, and/or with the intent to do damage to the property of FLORIDA POWER AND LIGHT, in violation of s. 790.162, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity  of the State of Florida.

(CC#: F02024800)

**STATE OF FLORIDA, COUNTY OF MIAMI-DADE:**

Personally known to me and appeared before me, the Assistant State Attorney of the Eleventh Judicial Circuit of Florida whose signature appears below, being first duly sworn, says that the allegations set forth in this Information are based upon facts which have been sworn to as true by a material witness or witnesses, and which if true, would constitute the offenses therein charged, and that this prosecution is instituted in good faith.



Sworn to and subscribed before me this 10th day of Sept., 2003.

By _____

Deputy Clerk for Clerk of the Courts, or
Notary Public

Camille Jackson
Commission # CC 940256
Expires May 29, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL, CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA    388

| DIVISION | FINDING OF GUILT AND ORDER OF WITHHOLDING ADJUDICATION/SPECIAL CONDITIONS |
|---|---|
| [X] CRIMINAL | |
| [ ] TRAFFIC | |
| [ ] OTHER | |

| PLAINTIFF(S) | VS. DEFENDANT(S) |
|---|---|
| THE STATE OF FLORIDA | CESAR A SAYOC |

## CASE NUMBER: F02-024800

, AKA-Cesar Altieri Sayoc

RECORDED
DEC 17 2002
Clerk of Circuit
& County Courts

CLOCK IN
FILED
DEC 03 2002
J. BICKETT
CLERK

IT APPEARING UNTO THE COURT that the defendant being personally before the court accompanied by his/her attorney,
RONALD S LOWY,PA has been found guilty of the charge of

| Count | Crime | Degree |
|---|---|---|
| 1 | BOMB, DESTRUCTIVE DEVICE/THREATEN TO THROW, PLACE | 2/F |

by the court upon the entry of a guilty plea

and it appearing unto the court, upon a hearing of the matter, that the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, and the Court being fully advised in the premises, it is thereupon
ORDERED AND ADJUDGED that an adjudication of guilt be, and the same is hereby stayed and withheld.

IT IS FURTHER ORDERED AND ADJUDGED that:

        The defendant is placed on PROBATION in a separate Order
        entered herein.
SPECIAL CONDITIONS

        Costs

        Other                                                PROBATION

DS -11/20/02
REV 10/02                          Page 1 of XX 4
Clerk's web address: www.miami-dadeclerk.com

OFF REC BK
20844PG4912

45

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CRIMINAL | | |
| ☐ OTHER | ORDERS OF SUPERVISION | F02-24800 |

STATE OF FLORIDA

VS. *Cesar Sayoc*

DEFENDANT

FILED

NOV 1 2 2002

CLERK

ORDERS OF SUPERVISION

Counts:: *Threat / To Throw/ESS/Dev*

____ PROBATION
____ DRUG OFFENDER PROBATION (see addendum)
____ SEX OFFENDER PROBATION (see addendum)
____ COMMUNITY CONTROL (see addendum)
____ ADMINISTRATIVE PROB
____ FOLLOWED BY _____ PROB _____ DOP

THE DEFENDANT HAVING:

a. ✓ entered a plea of guilty/nolo contendere:
b. ____ been found guilty of:
c. ____ prior probation is hereby revoked:

THE COURT HEREBY:

d. ✓ adjudges you guilty of count(s) _____.
e. ✓ withholds adjudication of guilt for count(s) _____.

IT IS ORDERED AND ADJUDGED THAT, SUBJECT TO THE LAWS OF THIS STATE:

f. ✓ you are hereby placed on *Probation* for a period of *One (1) yr*.
g. ____ Followed by _____ for a period of: _____ to be
supervised by the Department of Corrections.
h. ____ (split sentence) you shall be confined in:
the custody of Miami-Dade County Corrections for a period of: _____.
the custody of Miami-Dade County Corrections for a period of: _____.
after which you shall be placed on _____ for a period of _____
to commence upon release.
i. ____ (Administrative Probation) as defined in Ch948.001 F.S., After payment of a $50.00 processing fee plus a 4%
surcharge, all conditions, except (J)(4) will be deleted.   ·

IT IS FURTHER ORDERED AND ADJUDGED THAT YOU WILL COMPLY WITH, AND CONFORM TO, CONDITIONS:

j. ____ you must report in person, immediately or on the next working day after release from confinement, to the
Probation Office located at _____ as directed.
k. ____ you shall not do any of the following:
1. you will not change your residence or employment or leave the county of your residence without first procuring
the consent of your officer.
2. you will not possess, own, or carry any firearm, or weapon.
3. associate with any person engaged in criminal activity.
4. violate any law of any city, county, state or the United States (a conviction in a court of law is not
necessary for you to be found in violation).
5. you will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor
will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully, sold, dispensed, or
used.

PAGE 1 OF 4

Defendant _Cesar Sayoc_

Case # _FD2-24800_

I. you must do each of the following:

1. not later than the fifth day of each month, unless otherwise directed you will make a full and truthful report to your officer on the form provided for that purpose.
2. you will promptly and truthfully answer all inquiries directed to you by the court or officer, and allow your officer to visit you in your home, place of employment or elsewhere.
3. follow carefully and faithfully both the letter and spirit of valid instructions given you by a duly authorized officer.
4. you will work diligently at a lawful occupation and advise your employer of your supervision status and support your dependents to the best of your ability.
5. you will submit to random testing at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances.
6. you will submit to a warrantless search to your person, residence and vehicle.
7. you will pay the sum of $_65_ per month plus $_4%_ surcharge towards the cost of supervision unless otherwise exempt pursuant to F.S. 948.09.
8. you will pay all court ordered monetary obligations through the Probation Officer with money orders made payable to the Department of Corrections will disperse the monies as follows: ( plus surcharge )
   a) $_101_ court costs
   b) $_____ victim costs on counts
   c) $_____ "trust fund" or 50.3 hours of community service (F.S. 27.3455)
   d) $_____ assessment
   e) $_50_ drug testing fee
   f) $_____ restitution payable to _____
   _____
   g) $_____ SNI fee

1. YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:

_____ 1. spend _____ in custody of Miami-Dade County Corrections and comply with all rules of the institution in which you were placed with credit for _____ days time served.
_____ 2. spend _____ weekends beginning _____ in the custody of the:
_____ 3. you will attend and successfully complete the following rehabilitation program to be selected by your officer or the court. Further, you will abide by all rules and regulations of the program, attend all appointments, and follow all lawful instructions and recommendations of the director and staff:
   a) an inpatient/outpatient , _____, alcohol, _____, drug, _____ and or psychological program _____
   b) the defendant is to be held in the custody of until released to a representative of _____ or otherwise as directed by the officer or the court.
_____ 4. not use or possess alcoholic beverages for any purpose.
_____ 5. not drive or operate a motor vehicle except _____
_____ 6. perform _150_ hours of community service at a non-profit organization, as directed _@ 10/per month;_
_____ 7. you will not associate, communicate or have any contact with _____
_____ 8. other: _Early Termination upon Successful Completion of all Conditions_

THE COURT RESERVES THE RIGHT TO RESCIND, MODIFY, REVOKE SUPERVISION TO THE EXTENT THE PROVIDED BY LAW. DONE AND ORDERED Miami-Dade County,    Florida this _12_ day of _November 2002_
Nunc Pro Tunc, _____

_____
Judge, Circuit Court
RONALD C. DRESNICK
CIRCUIT JUDGE

I have received a copy of the term and conditions of my supervision. I have read and understand these conditions and agree to report to the Department of Corrections Probation Office for further instructions. Also, I hereby consent to the disclosure of my alcohol and drug abuse patient records, the confidentiality of which is federally regulated under 42CFR, Part 11 for the duration of my supervision.

DEFENDANT          _11-12-02_          INSTRUCTED BY
                   DATE                              PAGE 2 OF 4

Case 1:18-mj-09159-UA   Document 5   Filed 11/05/18   Page 31 of 40
Case 1:18-mj-03581-BGM-03581-BGM-1   Document 9   Filed 11/02/18   Document 21-1 11/02/18 Page 48 of 51
Page 4

# COURT MINUTES

## Magistrate Judge Edwin G. Torres

| King Building Courtroom 10-5 | | Date: 11/2/18 | Time: 10:00 a.m. |
|---|---|---|---|

Defendant: Cesar Altieri Sayoc     J#: 17781-104   Case #: 18-3581-Torres

AUSA: Jane Kim, Mike Sherwin, Karen Gilbert     Attorney: James Benjamin Esq. Daniel Aaronson Esq.

Violation:  S/D NY/Interstate Transportation Of An Explosive                     Peter Patanzo Esq.

Proceeding: Pretrial Detention and Removal          CJA Appt:

Bond/PTD Held: ◌ Yes  ◌ No     Recommended Bond: Ptd

Bond Set at:                                        Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs          Language:  English

☐ Report to PTS as directed/or _____ x's a week/month by
phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits,
religious, employment

☐ Travel extended to: _____

☐ Other: _____

**Disposition:**
Defendant STIPULATES to Pretrial
Detention, with the right to revisit in
the SD/New York – NO HEARING HELD.
Defendant WAIVED removal and is
ordered Removed.

Time from today to _____ excluded
from Speedy Trial Clock

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|

Report RE Counsel:

PTD/Bond Hearing:

Prelim/Arraign or Removal:

Status Conference RE:

D.A.R. 10:05:41                              Time in Court: 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No: 18-3581-Torres

United States of America
    Plaintiff,

    v.

Charging District's Case No.   18-9159

Cesar Altieri Sayoc,
    Defendant.

_____/

### WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **Southern District of New York.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

  ☑ An identity hearing and production of the warrant.

  ☐ A preliminary hearing.

  ☐ A detention hearing in the Southern District of Florida.

  ☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 11/2/18

_____
Defendant's Signature

_____
Edwin G. Torres
UNITED STATES MAGISTRATE JUDGE

49

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: James Scott Benjamin (nancy@benjaminaaronson.com,
sexlaw@bellsouth.net), Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Magistrate
Judge Edwin G. Torres (torres@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:18157697@flsd.uscourts.gov
Subject:Activity in Case 1:18-mj-03581-EGT USA v. Sayoc Terminate Deadlines and Hearings
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 11/2/2018 at 11:42 AM EDT and filed on 11/2/2018

| | |
|---|---|
| **Case Name:** | USA v. Sayoc |
| **Case Number:** | 1:18-mj-03581-EGT |
| **Filer:** | |

**Document Number:** No document attached

**Docket Text:**
**Terminate Deadlines and Hearings as to Cesar Altieri Sayoc (ch1)**

**1:18-mj-03581-EGT-1 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

James Scott Benjamin &nbsp &nbsp sexlaw@bellsouth.net, nancy@benjaminaaronson.com

**1:18-mj-03581-EGT-1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

50

# United States District Court
## Southern District of Florida
Case No. 18-3581-Torres

UNITED STATES OF AMERICA,

    v.

                          Charging District's Case No. 18-9159

Cesar Altieri Sayoc,
(USM# 17781-104)

_____/

### COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the Southern District of New York.

        James Benjamin Esq., Daniel Aaronson Esq., & Peter Patanzo Esq., **to represent Defendant for proceedings in this District.**

The defendant remains in custody after the initial appearance in the Southern District of Florida.

**IT IS ORDERED** that the United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

**DONE AND ORDERED** at Miami, Florida on 11/2/18.

Edwin G. Torres
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 18-mj-03581-EGT

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

CESAR ALTIERI SAYOC,

     Defendant.

_____/

## **NOTICE OF PERMANENT APPEARANCE**

COMES NOW the law office of BENJAMIN, AARONSON, EDINGER &

PATANZO, P.A. and files this Notice of Appearance as Attorney of Record for the

Defendant herein.

                    BENJAMIN, AARONSON, EDINGER &
                    PATANZO, P.A.

                    /s/ James S. Benjamin
                    JAMES S. BENJAMIN, ESQ.
                    Jamie@BenjaminAaronson.com
                    Fla. Bar No. 293245
                    DANIEL R. AARONSON, Esq.
                    DanAaron@Bellsouth.net
                    Fla. Bar No. 314579
                    PETER T. PATANZO, Esq.
                    ppatanzo@Bellsouth.net
                    Fla. Bar No. 174645

                    1700 East Las Olas Blvd., #202
                    Fort Lauderdale, Florida 33301
                    (954) 779-1700

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was filed with the CM/ECF system and that

a copy was furnished, through the system, to <u>Usafls.transferprob@usdoj.gov</u>, Assistant

United States Attorney, this 29th   day of October, 2018.

/s/ James S. Benjamin
JAMES S. BENJAMIN

# MINUTE ORDER

Page 7

## Magistrate Judge Edwin G. Torres

| King Building Courtroom 10-5 | Date: 10/29/2018   Time: 2:00 p.m. |
|---|---|

Defendant:  CESAR ALTIERI SAYOC          J#: 17781-104      Case #: 18-3581-MJ-TORRES

AUSA: Jane Kim, Mike Sherwin, Karen Gilbert          Attorney: James Benjamin, Daniel Aaronson, Peter Patanzo

Violation: S/D/NY/COMP/INTERSTATE TRANSPORTATION OF AN EXPLOSIVE          Surr/Arrest Date: 10/26/2018      YOB: 1962

Proceeding:  Initial Appearance                                CJA Appt:

Bond/PTD Held: �open Yes   �open No        Recommended Bond:

Bond Set at:                                            Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as  directed/or _____ x's a week/month by
  phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services
  Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
  Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to:

☐ Other:

Language:  ENGLISH

Disposition:
Counsel has filed Permanent
Appearance for the Southern District
of Florida.
Defendant held Temporary Pretrial
Detention @ Government request,
risk of flight.

Time from today to _____ excluded
from Speedy Trial Clock

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|

Report RE Counsel:

*PTD Hearing:*          *11/2/18*              *10:00*        *Miami Duty*

*Status Re: Removal:*          *11/2/18*      *10:00*        *Miami Duty*

Status Conference RE:

D.A.R. 14:05:49                                Time in Court: 5

s/Edwin G. Torres                                Magistrate Judge

17

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: James Scott Benjamin (nancy@benjaminaaronson.com,
sexlaw@bellsouth.net), Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Magistrate
Judge Edwin G. Torres (torres@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:18144075@flsd.uscourts.gov
Subject:Activity in Case 1:18-mj-03581-EGT USA v. Sayoc Set/Reset Hearings
Content-Type: text/html
```

### U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 10/30/2018 at 2:03 PM EDT and filed on 10/29/2018

| | |
|---|---|
| **Case Name:** | USA v. Sayoc |
| **Case Number:** | 1:18−mj−03581−EGT |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Set/Reset Hearings as to Cesar Altieri Sayoc: Detention Hearing set for 11/2/2018 10:00 AM in Miami Division before MIA Duty Magistrate. Correction to DE [3] to reflect the Miami Duty Magistrate. (ch1)**

**1:18−mj−03581−EGT−1 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

James Scott Benjamin &nbsp &nbsp sexlaw@bellsouth.net, nancy@benjaminaaronson.com

**1:18−mj−03581−EGT−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-mj-3581-EGT

UNITED STATES OF AMERICA,

vs

CESAR ALTIERI SAYOC,
Defendant.
_____/

## NOTICE OF FILING

The United States hereby gives Notice that on the 31st day of October 2018, the

Government hereby files the following documents:   a letter addressed to United States Magistrate

Judge G. Edwin Torres and attachments.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   */s/ Karen E. Gilbert*
KAREN E. GILBERT
Assistant United States Attorney
Florida Bar No. 771007
99 NE 4th Street, Suite 800
Miami, FL 33132
Tel: (305) 961-9000
Fax: (305) 536-4675
Karen.gilbert@usdoj.gov

19

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** hereby certify that on October 31, 2018, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system.

_____ /s/ *Karen E. Gilbert* _____
Assistant United States Attorney

2
